**FILED**

UNITED STATES DISTRICT **COURT**
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

APR 1 2 2023

MITCHELL R. ELFERS
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Cr. No. *23-481 JB* |
| | ) |
| LORENZO ESCUDERO, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following

agreement between the United States Attorney for the District of New Mexico, the Defendant,

Lorenzo Escudero, and the Defendant's counsel, Dennis Candelaria:

### REPRESENTATION BY COUNSEL

1.     The Defendant understands the Defendant's right to be represented by an attorney

and is so represented.   The Defendant has thoroughly reviewed all aspects of this case with the

Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.     The Defendant further understands the Defendant's rights:

    a.     to be prosecuted by indictment;

    b.     to plead not guilty, or having already so pleaded, to persist in that plea;

    c.     to have a trial by jury; and

    d.     at a trial:

        i.     to confront and cross-examine adverse witnesses,

     ii.      to be protected from compelled self-incrimination,

     iii.     to testify and present evidence on the Defendant's own behalf, and

     iv.     to compel the attendance of witnesses for the defense.

## <u>WAIVER OF RIGHTS AND PLEA OF GUILTY</u>

3.     The Defendant agrees to waive these rights and to plead guilty to Count 1 of the information charging a violation of 18 U.S.C. § 922(a)(6), that being Making a False Statement During the Purchase of a Firearm.

## <u>SENTENCING</u>

4.     The Defendant understands that the maximum penalty provided by law for this offense is:

     a.     imprisonment for a period of not more than ten years;

     b.     a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

     c.     a term of supervised release of not more than three years to follow any term of imprisonment.  (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

     d.     a mandatory special penalty assessment of $100.00; and

     e.     restitution as may be ordered by the Court.

5.     The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes. Defendant further

recognizes that while the Defendant's attorney may have made a prediction or estimate of the sentence that the Court may impose, the Defendant understands that the Court is not bound by any such estimate or prediction.

## ELEMENTS OF THE OFFENSE

6.      If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 1: 18 U.S.C. § 922(a)(6), that being, Making a False Statement During the

Purchase of a Firearm:

*First*:     The defendant knowingly made a false oral or written statement, or furnished or exhibited any false, fictitious or misrepresented identification, to a federally licensed firearms dealer;

*Second*:     The false statement or misrepresented identification was made in connection with the acquisition or attempted acquisition of a firearm; and

*Third*:     The statement was intended or likely to deceive such firearms dealer with respect to a fact material to the lawfulness of the sale of the firearm to the defendant.

## DEFENDANT'S ADMISSION OF FACTS

7.      By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty.   I recognize and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the information that increase the statutory

3

minimum or maximum penalties.   I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

a.   In December 2020, I, LORENZO ESCUDERO, received firearms that were stolen from FedEx by an employee, and I provided the stolen firearms to Jakob Cervantes ("Cervantes"). I knew that Cervantes was prohibited from legally possessing a firearm at the time I provided the stolen firearms to him.

b.   In addition to transferring stolen firearms to Cervantes, I, LORENZO ESCUDERO, admit that, between February 2019 and August 2020, I purchased ~~five~~ firearms for Cervantes from federally licensed firearms dealers located in the District of New Mexico. With each purchase, I represented to the licensed firearms dealers that I was the actual transferee/buyer of the firearm in question, but I was not the actual transferee/buyer for the ~~five~~ firearms. The actual transferee/buyer of each firearm was Cervantes.

c.   On or about October 24, 2020, in Bernalillo County, in the District of New Mexico, I, LORENZO ESCUDERO, purchased a Glock GMBH Model 17 GEN5 9mm pistol bearing serial number BRDD633 ("Glock Model 17 pistol") from BMC Tactical.

d.   BMC Tactical is licensed dealer of firearms, as defined by Chapter 44, Title 18, United States Code, and is located in Albuquerque, New Mexico.

e.   As part of the October 24, 2020 purchase of the Glock Model 17 pistol, I completed and signed a Bureau of Alcohol, Tobacco, Firearms and Explosives Firearms Transaction Record form ("FTR"). The FTR asked if I was the actual transferee or buyer of the firearm I was purchasing, and it included a warning that read: "Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you."

4

  f. **I, LORENZO ESCUDERO, falsely represented to the licensed dealer of firearms that I was the actual transferee/buyer of the Glock Model 17 pistol on the FTR, but I knew at the time I filled out the FTR that I was not the actual transferee/buyer. I admit that Cervantes was the actual transferee/buyer of the Glock Model 17 pistol.**

  g. **Despite knowing that Cervantes was prohibited from legally purchasing the Glock Model 17 pistol himself, I, LORENZO ESCUDERO, knowingly and intentionally both acquired the firearm on his behalf and concealed the truth about the actual transferee/buyer's identity from BMC Tactical.**

  h. **I, LORENZO ESCUDERO, further admit that the identity of the actual transferee/buyer of the Glock Model 17 pistol was a fact that is material to the lawfulness of the sale of a firearm to me.**

8. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

<u>**RECOMMENDATIONS**</u>

9. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

  a. The United States agrees to recommend a sentence at the low-end of the advisory sentencing guidelines range, as determined by the Court at sentencing.

  b. As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the

Defendant's criminal conduct.   Consequently, pursuant to USSG § 3E1.1(a),
so long as the Defendant continues to accept responsibility for the
Defendant's criminal conduct, the Defendant is entitled to a reduction of two
levels from the base offense level as calculated under the sentencing
guidelines, and if applicable, a reduction of an additional offense level
pursuant to USSG § 3E1.1(b).

c.    The Defendant understands that the above recommendations are not binding
on the Court and that whether the Court accepts these recommendations is a
matter solely within the discretion of the Court after it has reviewed the
presentence report.   Further, the Defendant understands that the Court may
choose to vary from the advisory guideline sentence.   If the Court does not
accept any one or more of the above recommendations and reaches an
advisory guideline sentence different than expected by the Defendant, or if the
Court varies from the advisory guideline range, the Defendant will not seek to
withdraw the Defendant's plea of guilty.   In other words, regardless of any of
the parties' recommendations, the Defendant's final sentence is solely within
the discretion of the Court.

10.    Apart from the recommendations set forth in this plea agreement, the United
States and the Defendant reserve their rights to assert any position or argument with respect to
the sentence to be imposed, including but not limited to the applicability of particular sentencing
guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the
application of factors in 18 U.S.C. § 3553(a).

11.     Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under USSG § 1B1.3.

### DEFENDANT'S ADDITIONAL AGREEMENT

12.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13.     The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14.     The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

15.     By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2)

the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## FORFEITURE

16.     The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case. The Defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The Defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the Defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

17.     The Defendant voluntarily and immediately agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following assets and properties:

    a.  **Glock GMBH Model 17 GEN5 9mm pistol bearing serial number BRDD633**

18.     The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

8

19.    The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

20.    The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property.   The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

21.    The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed.   Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence within or below the advisory guideline range as determined by the Court, as well as any order of restitution entered by the Court.   This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

22.    The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range.

23.    The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

9

24.     In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

25.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

a.     The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present information.

26.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

27.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda).   There have been no promises from anyone as to what sentence the Court will impose.   The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

28.     The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false

statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

29.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $\underline{100.00}$ in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

30.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.    This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 8th day of March, 2023.

ALEXANDER M.M. UBALLEZ
United States Attorney

Katherine L. Lewis
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274

11

I have carefully discussed every part of this agreement with my client.    Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.    In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty.    To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
Dennis Candelaria
Attorney for the Defendant


I have carefully discussed every part of this agreement with my attorney.    I understand the terms of this agreement, and I voluntarily agree to those terms.    My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

_____
Lorenzo Escudero
Defendant

12