IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-CR-0481-JB |
| ) | |
| LORENZO ESCUDERO, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
SENTENCING MEMORANDUM**

The United States of America, by and through its attorneys, Alexander M.M. Uballez, United States Attorney for the District of New Mexico, and Katherine L. Lewis, Assistant United States Attorney for said District, respectfully submits this response to Defendant Lorenzo Escudero's sentencing memorandum.

**BACKGROUND**

On April 12, 2023, the defendant, Lorenzo Escudero, pleaded guilty to a one-count information charging him with making a false statement during the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6). The parties entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Pursuant to the terms of the plea agreement, the United States respectfully recommends that the defendant be sentenced to a term of imprisonment at the low-end of the sentencing guidelines as determined at sentencing after the defendant's objections to the presentence report are resolved.

**SENTENCING CONSIDERATIONS**

After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the United States Sentencing Guidelines became effectively advisory, and district courts have been directed to fashion a sentence based on both correctly calculated Guidelines ranges and the § 3553(a) factors. *See, e.g., United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008). In imposing a sentence, courts are directed to consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a). Pursuant to 18 U.S.C. § 3553(a) "The court shall impose a sentence sufficient, but not greater than necessary," to adequately address the goals laid out in § 3553(a)(2), which include:

> (2) the need for the sentence imposed—
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(2).

1. **Nature and Circumstances of the Offense and History and Characteristics of the Defendant**

Lorenzo Escudero helped Jakob Cervantes, an individual that Escudero knew was violent and known to shoot, secure firearms by purchasing firearms from stores and from

an individual who had stolen firearms for sale on his behalf. In addition to knowing that Cervantes was violent, Escudero also knew that he was a drug trafficker and that he was prohibited from legally possessing firearms. While the defendant has no criminal history, that factor helped him, in this instance, to serve as a straw purchaser of firearms.

In January 2021, records maintained by the ATF revealed that three firearms purchased by Escudero had short time-to-crime periods, and an investigation began into the defendant's activities. In February 2021, ATF agents interviewed a former FedEx employee who claimed that he sold firearms stolen from FedEx packages to the defendant. The seller indicated that he believed the defendant bought the firearms for an individual who was later identified as Jakob Cervantes.

On December 7, 2020, the seller met Escudero in a Wal-Mart parking lot. Escudero indicated that he could get rid of the seven firearms and took them, returning later with cash for the seller. The interview with the seller prompted ATF agents to reach out to Escudero. Over the course of three interviews with the defendant, he explained that Cervantes would request specific firearms, and he would find a store that had the requested weapon in stock. He would take money from Cervantes, purchase the firearms, and then give them to Cervantes. Escudero also recounted a trip to California that he took with Cervantes during which Cervantes picked up approximately $40,000 of marijuana.

Of the stolen firearms purchased in December 2020, Escudero explained that he was with Cervantes when six were sold to someone who would send them to California and the seventh was sold to someone who came from Texas to purchase it. In short, the defendant helped someone he knew was a drug trafficker with violent tendencies who

shot at others, including an ex-girlfriend, secure firearms and stood by as those firearms were sold to buyers with out-of-state connections. In mitigation, he quickly admitted his conduct and provided information to investigators, though the benefit of the information was undermined by a note Escudero wrote to Cervantes disclosing that they were under investigation.

2. **Response to Defendant's Request for a Variance**

The defendant is asking for a variance from the sentencing guidelines. When determining whether a variance is appropriate, sentencing courts should consider whether a case lies within or outside "the heartland of similar offenses." *See United States v. Martinez-Barragan*, 545 F.3d 894, 900 (10th Cir. 2008). On balance, this case is not outside the "heartland" of similar cases. By nature of the requirement that a straw purchaser not have a prior felony record, a straw purchaser without criminal history points is not unusual. Here, the defendant purchased several firearms from federal firearm licensees and transferred them to a prohibited possessor, Jakob Cervantes. Beyond that conduct, the defendant helped Cervantes procure stolen firearms that Cervantes then sold to others. The defendant made these choices knowing that Cervantes was a violent person who was known to fire guns, and nothing stands out that marks his conduct as different from other straw purchase offenses.

The defendant points to proposed amendments to the sentencing guidelines to suggest that a variance may be appropriate in this case. The United States Sentencing Commission analyzed recidivism data and found that zero-point offenders have lower recidivism rates that those with even one criminal history point. *Amendments to the*

*Sentencing Guidelines (Preliminary)*, April 5, 2023, pp. 2-3, *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230405_prelim-RF.pdf. Recognizing that difference in recidivism rates, the proposed amendments include a provision that would lead to a two-point decrease in offense level where defendants satisfy 10 specific criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

*Id.* at 3. Where a defendant with zero criminal history points qualifies for a decrease under the amended guidelines, the amended guidelines suggest that a sentencing court consider alternatives to imprisonment, as well. *Id.*

Here, however, even if the defendant were sentenced after this amendment goes into effect, he would not get the benefit of the two-level decrease because he transferred, sold, or otherwise disposed of a firearm in connection with the charged offense, and the guidelines would not recommend as strongly a sentence with alternatives to incarceration. The Sentencing Commission has determined, through its proposed amendments, that defendants such as Lorenzo Escudero should not qualify for these

added benefits or considerations, and, as such, the proposed amendments do not provide just cause for departing or varying from the sentencing guidelines as determined at sentencing.

While the defendant's sentencing memorandum acknowledges his ineligibility for an adjustment under the proposed amendments, he nevertheless asks the Court to consider varying from the guidelines based on the espoused principles behind the amendments. The United States maintains, however, that the guidelines accurately reflect the defendant's criminal conduct and that a variance is not warranted. The defendant's lack of prior criminal history is worthy of some consideration, and a sentence at the low-end of the guidelines is sufficient, but no greater than necessary, to provide just punishment for his conduct and to promote respect for the law.

## CONCLUSION

For the above-stated reasons, the United States respectfully requests that the Court impose a sentence that includes a term of imprisonment at the low-end of the sentencing guidelines.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney


/s/ *Katherine L. Lewis*
KATHERINE L. LEWIS
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico  87103-0607
(505) 346-7274

## CERTIFICATE OF SERVICE

  I hereby certify that on July 7, 2023, I filed the foregoing document electronically through the CM/ECF system. Pursuant to the CM/ECF Administrative Procedures Manual, §§ 1(a), 7(b)(2), such filing is the equivalent of service on parties of record.

/s/
_____
KATHERINE L. LEWIS
Assistant United States Attorney